IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00329-BNB

JEFFERY M. DAVIS,

Applicant,

v.

COLORADO STATE PAROLE BOARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 0 2009

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Jeffery M. Davis, is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center at Delta, Colorado. Mr. Davis has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the execution of the mandatory parole portion of his sentence. The court must construe the application liberally because Mr. Davis is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Davis will be ordered to file an amended pleading.

The court has reviewed the application and finds that it is deficient because Mr. Davis has used the wrong pleading form. Mr. Davis alleges that he was released from prison in August 2004 and that he began serving a period of mandatory parole at that time. Mr. Davis further alleges that his mandatory parole has been terminated on two

occasions, most recently in October 2008, apparently for violating the conditions of his mandatory parole. Mr. Davis asserts that he never agreed to serve any term of mandatory parole and he claims that, in the absence of such an agreement, the Colorado State Parole Board lacks authority to enforce a term of mandatory parole and to terminate his parole for violating the conditions of his mandatory parole. Mr. Davis is not challenging the validity of his original state court conviction and sentence. Therefore, his claims properly are asserted pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 and he will be ordered to file an amended pleading on the proper form if he wishes to pursue his claims in this action.

Mr. Davis is reminded that he must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Davis file **within thirty (30) days from the date of this order** an amended pleading on the proper form. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Davis, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Davis fails to file an amended pleading as directed within the time allowed, the application will be denied and the action will be dismissed without further notice.

DATED February 20, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00329-BNB

Jeffrey M. Davis
Prisoner No. 112889
DCC
4102 Sawmill Mesa Rd.
Unit 3
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 2/20/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk