IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 29 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-00329-BNB

JEFFERY M. DAVIS,

Applicant,

v.

WARDEN, Delta Correctional Center,

Respondent.

ORDER OF DISMISSAL

Applicant Jeffery M. Davis initiated this action by filing ***pro se*** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the execution of the mandatory parole portion of his sentence. Mr. Davis was a prisoner in the custody of the Colorado Department of Corrections when he initiated this action. On April 16, 2009, Mr. Davis filed a notice of change of address in which he advised the Court that he has been released from prison.

On March 2, 2009, after being directed to do so by Magistrate Judge Boyd N. Boland, Mr. Davis filed on the proper form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 4, 2009, Magistrate Judge Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On March 24, 2009, Respondent filed a Preliminary Response. On March

30, 2009, Mr. Davis filed a reply to the Preliminary Response. On April 3, 2009, Mr. Davis filed an amended reply to the Preliminary Response.

The Court must construe the amended application and other papers filed by Mr. Davis liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Davis alleges that he was convicted in Colorado state court in April 2002 and that he was sentenced to four years in prison. He further alleges that he was released from prison in August 2004 and discharged his sentence at that time. Mr. Davis contends that the Colorado parole board presented him with a mandatory parole contract for a term of five years when he was released from prison and that he refused to sign the contract. According to Mr. Davis, the fact that he refused to sign the mandatory parole contract means he was not released on mandatory parole and the parole board has no jurisdiction over him. Mr. Davis asserted in his original habeas corpus application that his mandatory parole has been revoked two times by the parole board, apparently for violating the conditions of his mandatory parole, and that the date of his most recent mandatory parole revocation was October 20, 2008. As relief Mr. Davis seeks his immediate release and monetary damages.

The Court notes initially that Mr. Davis may not seek an award of damages for the alleged violations of his constitutional rights in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that

custody, and . . . the traditional function of the writ is to secure release from illegal custody." ***See Preiser v. Rodriguez***, 411 U.S. 475, 484 (1973). Generally, a state prisoner's claims for damages based on alleged constitutional violations must be raised in a civil rights action pursuant to 42 U.S.C. § 1983. ***See, e.g., Richards v. Bellmon***, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, Mr. Davis' request for damages will be dismissed without prejudice to being raised in a § 1983 action. However, Mr. Davis is advised that any claims for damages he may seek to raise pursuant to § 1983 in which he challenges or implies the invalidity of his sentence or custody are barred until he invalidates the challenged sentence or custody. ***See Heck v. Humphrey***, 512 U.S. 477 (1994).

The Court also notes that it is not clear whether Mr. Davis' claims in this action properly are asserted pursuant to § 2241. In his original application, Mr. Davis was challenging the October 20, 2008, decision of the Colorado parole board revoking his parole. Mr. Davis was ordered to file an amended habeas corpus application pursuant to § 2241 because it appeared that he was challenging only the execution of his sentence. ***See Montez v. McKinna***, 208 F.3d 862, 865 (10th Cir. 2000). Upon reviewing the amended application, it now appears that Mr. Davis may be challenging the fact that his original sentence included a period of mandatory parole, a claim that properly is asserted pursuant to § 2254, in addition to his claim challenging the October 20, 2008, revocation of his mandatory parole, a claim that properly is asserted pursuant to § 2241. In any event, and regardless of the statutory authority for his habeas corpus claims, Mr. Davis is required to exhaust state remedies, ***see*** 28 U.S.C. § 2254(b)(1);

***Montez***, 208 F.3d at 866; and the instant action is subject to a one-year limitation period, ***see*** 28 U.S.C. § 2244(d); ***Burger v. Scott***, 317 F.3d 1133, 1138 (10th Cir. 2003) (stating that § 2244(d) applies to a habeas corpus application challenging the execution of a state sentence pursuant to § 2241).

Respondent argues that this action should be dismissed both for failure to exhaust state remedies and as time-barred. The Court first will address the one-year limitation period in § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Davis alleges that he was sentenced in 2002 and a copy of the judgment in his criminal case, which is attached to Respondent's Preliminary Response as Exhibit 1, confirms that fact. It appears, although it is not entirely clear, that Mr. Davis did not file a direct appeal. Mr. Davis did initiate a number of postconviction proceedings in state court, some of which are discussed in an order of the Colorado Court of Appeals dated June 30, 2005, which is attached to Respondent's Preliminary Response as Exhibit 4. Following his sentencing in 2002, Mr. Davis filed motions and sent letters to the trial court that were treated as postconviction motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and denied. (Prelim. Resp., Ex. 4 at 2.) Mr. Davis then attempted unsuccessfully to obtain review in both the Colorado Supreme Court and the United States Supreme Court. (***Id.***) In March 2004, Mr. Davis filed a petition for writ of habeas corpus in the trial court challenging the mandatory parole portion of his sentence that was denied on March 10, 2004. (***Id.***) The trial court's March 10, 2004, order was affirmed by the Colorado Court of Appeals in the June 30, 2005, order referenced above. (***Id.***) Respondent asserts, and Mr. Davis does not dispute, that Mr. Davis did not file a petition for writ of certiorari in the Colorado Supreme Court seeking review of the June 30, 2005, order of the Colorado Court of Appeals.

The parties agree Mr. Davis filed a second petition for writ of habeas corpus that the trial court denied for lack of jurisdiction on July 24, 2007, although neither party

identifies the date on which that habeas corpus petition was filed. Respondent asserts that Mr. Davis did not appeal from the trial court's July 24, 2007, order, and Mr. Davis does not dispute this assertion. However, Mr. Davis does contend in his amended reply to the Preliminary Response that he filed habeas motions that were denied by the Colorado state appellate courts between July 24, 2007, and January 8, 2008. Finally, Mr. Davis filed a third petition for writ of habeas corpus in the trial court in November 2008 that remains pending.

As this discussion illustrates, certain dates relevant to Mr. Davis' conviction and state court postconviction proceedings are not entirely clear. For example, it is not clear exactly when the judgment of conviction in Mr. Davis' criminal case became final following his conviction in April 2002. It also is not clear when Mr. Davis filed his various state court postconviction motions prior to the state court habeas corpus petition he filed in March 2004. However, the parties either agree on, or at least do not dispute, the following facts: Mr. Davis filed a state court habeas corpus petition in March 2004; on March 10, 2004, the trial court denied the habeas corpus petition filed by Mr. Davis in March 2004; on June 30, 2005, the Colorado Court of Appeals affirmed the trial court's March 10, 2004, order; and Mr. Davis did not file a petition for writ of certiorari following the June 30, 2005, order of the Colorado Court of Appeals.

Therefore, for the purposes of this order, the Court will assume that Mr. Davis' conviction became final sometime in 2002 and that, pursuant to § 2244(d)(2), the one-year limitation period was tolled until the postconviction proceedings relevant to the habeas corpus petition filed by Mr. Davis in March 2004 no longer were pending. The final state court order issued in connection with the habeas corpus petition Mr. Davis

filed in March 2004 was entered by the Colorado Court of Appeals on June 30, 2005. However, pursuant to ***Gibson v. Klinger***, 232 F.3d 799, 804 (10th Cir. 2000) (stating that the one-year limitation period "is tolled during the time in which the petitioner ***could have*** sought an appeal under state law"), the tolling extended until August 15, 2005, when the time for filing a petition for writ of certiorari following the June 30, 2005, order of the Colorado Court of Appeals expired. ***See*** C.A.R. 52(b)(3) (providing 46 days to file a petition for writ of certiorari from a judgment of the court of appeals under Colorado law). Based on these assumptions, the Court will not count any period of time prior to August 15, 2005, against the one-year limitation period.

The parties agree that Mr. Davis filed a second habeas corpus petition that was denied by the trial court on July 24, 2007. As noted above, it is not clear when the second state court habeas corpus petition was filed. However, the parties do not dispute the fact that the second state court habeas corpus petition was denied by the trial court on July 24, 2007, for lack of jurisdiction. (Prelim. Resp., Ex. 5.) Therefore, the second state court habeas corpus petition was not properly filed and did not toll the one-year limitation period pursuant to § 2244(d)(2). ***See Artuz v. Bennett***, 531 U.S. 4, 9 (2000) (If "an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be ***pending***, but not ***properly filed***."); ***see also Larry v. Dretke***, 361 F.3d 890, 893 (5th Cir. 2004) (concluding that "a habeas petition filed in a court lacking jurisdiction to consider the application is not 'properly filed.'"). As a result, the Court finds that no postconviction proceedings were pending in state court from at least August 15, 2005, to July 24, 2007, and that the one-year limitation period was not tolled

during that time. Furthermore, based on this nearly two-year gap of time during which no properly filed postconviction proceedings were pending in state court, the Court finds that Mr. Davis' claim challenging the fact that his original sentence included a period of mandatory parole is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. ***See Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. ***See Gibson v. Klinger***, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. ***See id.*** Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. ***See Miller***, 141 F.3d at 978. Mr. Davis bears the burden of demonstrating that equitable tolling is appropriate in this action. ***See id.***

Mr. Davis fails to allege any facts that might justify equitable tolling of the one-year limitation period. As a result, his claim challenging the fact that his original sentence included a period of mandatory parole will be dismissed as barred by the one-year limitation period.

Mr. Davis' claim challenging the revocation of his mandatory parole by the parole board on October 20, 2008, is not barred by the one-year limitation period. However,

this claim also must be dismissed because the Court finds that Mr. Davis has not exhausted state remedies for this claim

The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. ***See Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Davis alleges that he exhausted state remedies by filing his third state court habeas corpus petition in November 2008. However, as noted above, that petition still is pending in the trial court and there is no indication that Mr. Davis has fairly presented his claims to the state appellate courts. To the extent Mr. Davis may argue that he exhausted state remedies in one of his prior state court postconviction motions or petitions, the Court notes that any claim for which state remedies were exhausted prior to the parole board's October 20, 2008, action could not have arisen as a result of the parole board's October 20, 2008, action. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed. It is

FURTHER ORDERED that Applicant's "Request for Legal Counsel" filed on April 16, 2009, is denied as moot.

DATED at Denver, Colorado, this 28 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00329-BNB

Jeffery M. Davis
c/o William S. Davis
1502 Britain
Wichita Falls, TX 76309

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/29/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk